# Dinsmoor v. Thomas.

### Specific Performance.

(Decided January 18, 1917.   73 South. 820.)

1. **Equity; Submission; Amendment.**—The facts stated and it is held that the amended bill was within the case as submitted, although not noted, since rules 75 and 76 Chancery Practice were substantially complied with.

2. **Same.**—Where the register noted in the note of testimony certain depositions this included a notation of the exhibit referred to by the deposition so that they might be considered in the case.

3. **Judgment; Conclusiveness.**—Where the bill was for a specific performance of a contract of sale, the defense being complainant's failure to pay installments, a judgment in a prior unlawful detainer suit between the same parties cannot be considered, as it does not appear that the issues were the same.

4. **Vendor and Purchaser; Forfeiture; Waiver.**—The acceptance of an amount due on an installment contract waives a forfeiture of the contract previously declared.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill by Emeline Thomas against D. J. Dinsmoor, to specifically perform an agreement to convey.   Decree for complainant, and respondent appeals.   Affirmed.

The facts sufficiently appear from the opinion.   The order of submission was originally filed on April 2, 1914, and on July 30th there is indorsed on said order a refiling as of that date.

MCMILLAN & GRAYSON, for appellant.   RICKARBY & AUSTILL, for appellee.

16—198

[Dinsmoor v. Thomas.]

SAYRE, J.—Appellee filed her bill against appellant alleging that she had purchased a house and lot from appellant on the installment plan, that she had paid the price, and wanted a deed. Appellant answered by averring that appellee had not paid the installments as they fell due and that he, in pursuance of a provision of the written contract between them, had declared a forfeiture and applied the payments made as rent for the time the premises had been occupied by appellee. This appeal followed upon a decree for complainant.

(1) After the evidence had been taken appellee was allowed to amend her bill by alleging that the controversy between the parties as to whether appellee had discharged all the obligations assumed by her when entering into the contract had been adjudicated in her favor in an action of unlawful detainer brought against her by appellant in the year preceding the filing of the bill in this cause. Appellant now objects that the submission was not had upon this amendment, and therefore that it and the evidence offered in its support should have no consideration in the cause. The record shows that the first submission of the cause on the pleadings and the proof, in which the "bill of complaint" was noted for appellee, was set aside in order that the amendment could be made, after which the cause was marked by the register as "submitted for decree on the pleadings and the proof and objections as noted by the register in the former note, now refiled." In the next place the transcrip shows this: "Refiled note of evidence. See transcript, pages 16, 17"—where the original note is set out. It is not required that pleadings be noted by the register, unless they be relied upon as admissions or as in some other way tending to prove the contentions of the parties as to the facts in the cause. We consider that chancery rules 75 and 76 were substantially complied with in this case, and that the amendment and the evidence offered in support of it may be considered for what in a legal sense they may be worth.

(2) It was made to appear in the proof that on the trial of the unlawful detainer case a number of receipts given by appellant or his agent to appellee upon payments made were offered in evidence. These reecipts had been lost from the custody, probably, of the court stenographer. But several memoranda of the amounts shown by these receipts had been made at the time of the trial, where they were introduced in evidence, and these

memoranda were attached as exhibits to the depositions of the witnesses who identified them and testified to their correctness. Appellant contends that these memoranda should not be consulted for that they were not specifically noted in the register's note of testimony. The depositions of the witnesses were noted, and this, we consider, included a notation of the exhibits to which they referred. We hold, therefore, that these memoranda may be properly considered in determining the amount appellee had paid on her contract.

(3, 4) Our opinion is that we cannot refer to the judgment in the unlawful detainer action as an adjudication of the issues upon which the result in this cause must turn. It does not certainly appear upon what determination of fact the court proceeded to a judgment for the defendant in that case. Non constat, that case may have been determined upon an issue of fact not conclusive of the case at bar. However, we find upon the evidence that payments made by appellee to appellant prior to the trial of the unlawful detainer action and the amount then and there tendered by appellee were equal to the amount appellee had agreed to pay for the house and lot, insurance and interest charges included. True, the parties contested in that suit the question whether appellant had ever declared a forfeiture of appellee's rights under the contract, and that contention had been renewed in this cause. But a decision of that question is not necessary to a proper conclusion in the present case. The evidence shows that appellant, acting by his attorney in that case, after it had been determined against him, accepted and applied to his own use the amount tendered therein by appellant as in completion of the payments due under the contract. Notwithstanding appellant had been defeated in the possessory action, and even though it be now assumed that he had previously declared a forfeiture, his acceptance of the amount tendered operated as a waiver of such forfeiture, a restoration of appellee's rights under the contract, and a receipt of that amount as a payment upon the contract. For the effectuation of these purposes, as far as made necessary by the facts of the case, whatever those facts may have been, the tender was made, and, being so made, appellant could not accept and use the tender, thus made, without binding himself by its very necessary intendment. Assuming then that there had been a forfeiture, appellant's acceptance of the amount tendered—an amount, as we have said, sufficient to make up the

[Lewis v. Isbell National Bank.]

total amount then due to appellant on the contract—was a waiver of the forfeiture and of its effects.—38 Cyc. 165.   Hence our conclusion that appellee has established the averments of her bill to the effect that she had complied with all the terms and obligations imposed upon her by the contract and has fully paid defendant all moneys due to him thereunder, and that the chancellor was right in his decree awarding relief on appellee's bill.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.